ORQUIST v. MONTGOMERY WARD

1. NEGLIGENCE—EVIDENCE—CONSTRUCTION STANDARDS—RELEVANCY.

Refusing to charge the jury in a case where plaintiff slipped and fell on a stairway allegedly because of defendant's negligent construction and maintenance of the stairs and handrails, that the safety standards used by architects and engineers in building construction could be considered on the negligence issue was not erroneous, where the plaintiff's case was based on failure to maintain a reasonably safe premise for business invitees and the standard, having to do with construction, had little relevancy to maintenance, the judge instructed the jury that the defendant's duty extended to the original construction of the premises which resulted in a dangerous condition, and because the standards, being nonbinding standards, were not a theory of the case.

2. NEGLIGENCE—EVIDENCE—GENERAL CUSTOM—BUILDING CODE.

Refusing to admit into a slip-and-fall case the Building Officials and Code Administrators International, Inc.'s building code was not erroneous where plaintiff sought to use the code as evidence of defendant's negligence and of the ordinary practice and general custom, the code had not been adopted by

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 57 Am Jur 2d, Negligence §§ 77-81.

the village where the accident occurred at the time of the accident, and only one village was shown to have adopted the code.

Appeal from Houghton, Stephen D. Condon, J. Submitted Division 3 October 4, 1971, at Marquette. (Docket No. 9553.)   Decided November 22, 1971.

Complaint by Hjalmer Orquist against Montgomery Ward and Clifford Jurmu for damages from a slip and fall. Judgment for defendants. Plaintiff appeals. Affirmed.

*Wisti & Jaaskelainen,* for plaintiff.

*Messner, LaBine & Vairo,* for defendants.

Before: FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

BRONSON, J. Plaintiff, Hjalmer Orquist, brought this action against Montgomery Ward, a foreign corporation, to recover damages for personal injuries arising from what is known as a slip-and-fall case.

Plaintiff, a 69-year-old man, went to the Montgomery Ward Department Store in Houghton, Michigan, on January 30, 1969, to look for wall paneling. The paneling was located in the basement which was accessible from a stairway within the building from the first floor.   Since it was cold and snowing, plaintiff wore heavy cloths and boots, *i.e.,* rubber arctics. As he attempted to use the stairway to reach the basement, he slipped on the third step, which he said was "kind of damp", and fell to the bottom of the stairs.   Plaintiff sustained bruises to his knee and right shoulder and a complete separation of all the

muscles attached to his kneecap. The resulting medical expenses approximated $1,000.

The accident was allegedly caused by defendant's failure to properly construct and maintain the stairs and handrail. Plaintiff alleged that defendant permitted water to accumulate on the stairs which became hazardous because the metal grip treads were smooth and worn. He further alleged that the handrail was too low to be safe and useful.

After both parties had completed their proofs, they submitted written jury instructions which were reviewed and compared by the judge and attorneys in chambers. At that time plaintiff orally requested a charge to the effect that the standard of care for the industry as represented by the standards in evidence could be considered by the jury in arriving at their decision. The judge denied this request, finding it would confuse the jury on the question of negligence. The judge charged the jury as follows:

"I further instruct you that the building code referred to in the testimony of the witnesses was not adopted by the Village of Houghton at the time this incident took place; that the standards set forth in the code do not apply to the defendant at the time of this incident. Therefore, any testimony concerning such standards should not be considered by you in reaching your decision."

Plaintiff objected to this instruction. The jury returned a verdict of no cause of action. Plaintiff appeals of right.

Plaintiff first argues that the trial court erred in refusing to instruct the jury that in deciding whether defendant negligently cared for and maintained the stairway it could consider a standard of care for the industry as some evidence of the reasonableness of defendant's conduct. During the trial, plaintiff, over

objection, introduced evidence regarding standards used by architects and engineers in building construction. The only testimony on this point showed that the standard height for handrails was 32 to 33 inches while defendant's handrail was only 21 inches high.

The general rule governing a trial judge's duty regarding jury instructions is:

"A certain latitude must be afforded the trial court in the area of jury instructions. The judge need not instruct the jury on theories which lack an evidentiary foundation. It is for these reasons that we find no error in failing to instruct the jury that the sudden emergency doctrine would apply to plaintiff's decedent." *Ruotsala* v. *Holzhauer* (1970), 24 Mich App 571, 575.

A nonbinding construction standard is not a *theory* of the case requiring an instruction. It is merely evidence for the jury's consideration.

As evidence, the architects' and engineers' standard was of questionable relevance. Plaintiff argued that defendant breached its duty of maintaining reasonably safe premises for business invitees. The standard in question deals with construction and has little relevancy to maintenance. The standard might have been relevant if plaintiff had offered evidence to prove that the low handrail was the proximate cause of his injury. The record is barren of such evidence.

In his instructions the trial judge charged the jury as follows as to the defendant's duty to business invitees:

"Now the occupier is not an insurer of the safety of the invitees and his duty is only to exercise reasonable care for their protection. But the obligation of reasonable care is a full one, applicable in all

respects, and extending to everything that threatens the invitee with an unreasonable risk or harm. The occupier must not only use care not to injure the visitor by negligent activities and warn him of latent dangers of which the occupier knows, but he must also inspect the premises to discover possible dangerous conditions of which he does not know and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangements or use. *The obligation extends to the original construction of the premises where it results in the dangerous condition."* (Emphasis supplied.)

These instructions correctly state the law. *Nezworski* v. *Mazanec* (1942), 301 Mich 43; *Rockwell* v. *Hillcrest Country Club, Inc.* (1970), 25 Mich App 276; *Honorl* v. *J. L. Hudson Company* (1968), 10 Mich App 623. *Torma* v. *Montgomery Ward & Company* (1953), 336 Mich 468, and *Mills* v. *A. B. Dick Company* (1970), 26 Mich App 164, cited by plaintiff, are not to the contrary. *Torma* dealt with the duty to maintain an entrance in reasonably safe condition and left that determination to the jury. *Mills* dealt with a storekeeper's duty to *install* handrails. The instruction given here made the jury aware of defendant's duty to prevent a hazardous condition via original construction without prejudice. It could consider the standard in question according to whatever weight it was entitled. Further, as the judge said in denying the request, it avoided confusion on the negligence issue.

Plaintiff next argues that the trial judge erred in precluding from jury consideration the building code published by the Building Officials & Code Administrators International, Inc. (BOCA). During the trial, plaintiff attempted to introduce this code into evidence as evidence of negligence and of ordinary practice and general custom. *Kawbawgam Hotel*

*Company* v. *Michigan Gas & Electric Company*
(1964), 372 Mich 507.  The trial judge refused this
admission for failure to lay a proper foundation.

The trial judge has discretion in determining the
materiality and relevancy of evidence. *Thompson* v.
*Peters* (1970), 26 Mich App 590, 598.  In addition to
having the same relevancy problems as the archi-
tects' and engineers' standard which was in evidence,
the BOCA Code did not apply to defendant since
the Village of Houghton had not adopted it at the
time of the accident.  In fact, the only municipality
in which the code was shown to have been adopted
was the Village of Hancock.  This is not sufficient to
prove ordinary practice and general custom.  The
trial judge did not abuse his discretion in denying
admission to this code.

The effect of the objected to instruction was to
preclude consideration of facts not in the record.  In
addition, it helped to remove the confusion surround-
ing the two standards of care created by the admis-
sion of one but not the other.  We cannot say that
the instruction was erroneous.

Affirmed.

All concurred.