KENT CONCRETE, INC v HOSPITAL BUILDING AND
EQUIPMENT COMPANY

Docket No. 80892. Submitted December 10, 1985, at Grand Rapids.—
Decided January 27, 1986.

Defendant, Hospital Building and Equipment Company, was
awarded a contract for an addition to Gratiot Community
Hospital. Defendant contracted with plaintiff, Kent Concrete,
Inc., for the concrete and reinforced steel work on the project.
Defendant later repudiated the contract. Plaintiff brought an
action against defendant in the Gratiot Circuit Court. The
court, Randy L. Tahvonen, J., granted plaintiff's motion *in
limine* to exclude evidence of typical profit margins for con-
struction contracts. Plaintiff's president had testified to a sum
of money being lost by plaintiff as a result of the breach. His
figure was obtained by subtracting the projected costs of per-
forming the contract from the contract price. The court granted
judgment on a jury verdict for plaintiff. Defendant appealed.
*Held:*

Evidence of typical industry-wide profit margins or antici-
pated profit margins is not relevant to the issue of damages for
breach of contract, the measure of which is lost profit.

Affirmed.

1. EVIDENCE — RELEVANT EVIDENCE — RULES OF EVIDENCE.

Relevant evidence is evidence having any tendency to make the
existence of any fact that is of consequence to the determina-
tion of an action more probable or less probable than it would
be without the evidence; the evidence is admissible if relevant,
however, evidence will not be deemed relevant unless (1) it is
proffered to establish a matter which is "in issue" and (2) it has
some probative value with respect to that matter (MRE 401,
402).

REFERENCES

Am Jur 2d, Appeal and Error §§ 797 *et seq.*
Am Jur 2d, Contracts §§ 355 *et seq.*
Am Jur 2d, Evidence §§ 251 *et seq.*
Recovery based on tortfeasor's profits in action for procurring
breach of contract. 5 ALR4th 1276.

2. EVIDENCE — APPEAL.

    The admission of evidence in a trial is within the trial judge's discretion and a judge's ruling on the evidence offered should not be upset absent a clear abuse of discretion.

3. CONTRACTS — EVIDENCE — DAMAGES — PROFIT MARGINS.

    Evidence of typical industry-wide profit margins or anticipated profit margins is not relevant to the issue of damages for breach of contract, the measure of which is lost profit.

*Tolley, Fisher & Verwys, P.C.* (by *Michael C. Walton),* for plaintiff.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *Charles F. Grzanka* and *Elizabeth F. Rupprecht),* for defendant.

Before: ALLEN, P.J. and R. B. BURNS and N. J. KAUFMAN,* JJ.

PER CURIAM. In this appeal as of right, defendant challenges a September 17, 1984, judgment entered pursuant to a jury verdict for plaintiff in the amount of $209,101.60. Defendant requests a new trial limited to the issue of damages, contending that the trial court erred reversibly when it granted plaintiff's motion *in limine* and thereby excluded evidence at trial which pertained to profit margins in the construction industry. We affirm.

Defendant, a construction firm which specializes in planning, designing and building health care facilities, was awarded a contract for a 18.5 million dollar alterations and additions project at Gratiot Community Hospital. Defendant entered into a subcontract with plaintiff pursuant to which plaintiff agreed to do all of the concrete and reinforcing steel work. However, prior to actual com-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

mencement of the work but after plaintiff had begun preparations, defendant discovered a long-standing union contract which required that union carpenters be used for this project. Defendant repudiated its subcontract with plaintiff because plaintiff did not employ union carpenters. Thereafter, plaintiff initiated the present breach of contract action.

At trial, plaintiff's president testified that Kent Concrete, Inc., suffered lost profits totaling $209,101.60 as a result of defendant's breach of contract. This figure was obtained by subtracting the projected costs associated with performing the contract from the bid price of $692,562. The result reflected a projected profit margin of 31 percent.

Prior to trial, defendant indicated that it would call other concrete subcontractors who had submitted bids on the project in order to refute plaintiff's calculations. Allegedly, these witnesses would have testified as to (1) the costs of labor and supplies for similar projects and (2) the typical profit margin for construction contracts.[1] However, plaintiff moved *in limine* to exclude testimony by contractors other than plaintiff and defendant, arguing that such testimony would be irrelevant. Defendant countered, arguing that evidence conerning standard profit margins in the construction industry, which are allegedly between five and ten

---

[1] Plaintiff maintains that defendant failed to preserve this issue for appeal since defendant did not make an offer of proof and the substance of the evidence excluded was not sufficiently apparent or specific from the context, as required by MRE 103(a)(2). However, it was obvious from the context of defendant's argument that it intended to introduce evidence which would demonstrate that the standard profit margin was significantly lower than the projected profit claimed by plaintiff. This information provided a sufficient basis for the trial court to make an intelligent decision regarding the relevancy of this evidence and enables this Court to review the trial court's determination. *Conlon v Dean,* 14 Mich App 415, 424; 165 NW2d 623 (1968), *lv den* 381 Mich 802 (1969). Accordingly, the issue has been sufficiently preserved for appeal.

percent, was relevant because it would tend to show that plaintiff's projected profit was based on erroneous estimates for supplies and labor costs. The trial court granted plaintiff's motion in part, holding:

"IT IS HEREBY DETERMINED that any reference, testimony, evidence or argument relating to profit margin, anticipated profit margin or industry standard of profit margin, by contractors other than Kent Concrete, does not intend *[sic]* to make the existence of any fact that is of consequence to the determination in this action more probable or less probable than it would be without the evidence, thereby making any such reference, testimony, evidence or argument not relevant therefor,

"IT IS HEREBY ORDERED that any such reference, testimony, evidence or argument is not admissible under MRE 402.

"IT IS FURTHER DETERMINED that any reference, testimony, evidence or argument relating to the costs of labor and the costs of material as used by Kent in making its calculations for the bid and its calculations of the lost profit for the Gratiot Community Hospital Alterations and Additions project by contractors other than Kent Concrete, does tend to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without such evidence, thereby making any such reference, testimony, evidence or argument relevant, therefor,

"IT IS HEREBY ORDERED that any such reference, testimony, evidence or argument is admissible under MRE 402."

The trial court determined that evidence regarding material and labor costs would be relevant to whether plaintiff's calculations as to damages were accurate. However, the trial court did not believe that industry-wide profit margins or anticipated profit margins of other subcontractors would have

any significant bearing on the contract which existed between plaintiff and defendant.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of an action more probable or less probable than it would be without the evidence". MRE 401. If relevant, the evidence is admissible. MRE 402. However, evidence will not be deemed relevant unless (1) it is proffered to establish a matter which is "in issue" and (2) it has some probative value with respect to that matter. *People v McKinney,* 410 Mich 413, 418; 301 NW2d 824 (1981). A trial court has broad discretion when ruling on the relevancy of evidence. *Orquist v Montgomery Ward,* 37 Mich App 36, 41; 194 NW2d 392 (1971). Moreover, a trial court's decision as to admissibility will not be overturned on appeal in the absence of an abuse of that discretion. *Tempo, Inc v Rapid Electric Sales & Service, Inc,* 132 Mich App 93, 99; 347 NW2d 728 (1984).

In the present case, defendant proffered testimony of other subcontractors on profit margins for the purpose of showing that plaintiff had undervalued labor and supply costs in calculating damages and had thereby overrated its profit margin. Labor and supply costs and plaintiff's profit margin were matters "in issue" since they pertained to damages which were disputed. However, we do not believe that the trial court abused its discretion in finding that the proffered evidence would not have been particularly probative of these matters. Testimony as to profit margins in general would have little bearing on plaintiff's projected costs for labor and supplies or on the specific contract between plaintiff and defendant. The parties to this contract were at liberty to agree to terms which might have resulted in an atypical profit margin and,

thus, it was a proper exercise of the trial court's discretion to decide that testimony as to typical profit margins was irrelevant and inadmissible.

We note that the trial court's opinion and order enabled defendant to challenge plaintiff's damages calculations by calling the other subcontractors to testify as to the costs of labor and supplies, and the quantity of labor necessitated by the contract. Defendant's assertion that the other subcontractors would not have been permitted to testify as to their own calculations regarding labor and supplies belies the record. Thus, defendant could have attempted to establish that plaintiff's estimated profit margin on this particular contract was excessive if defendant had been able to demonstrate that plaintiff undervalued the factors which formed the basis for its calculations. Accordingly, we do not believe that the trial court's order "effectively precluded [defendant] from challenging Kent's testimony concerning damages", as defendant contends.

Moreover, we note that defendant was able to present the substance of the excluded testimony to the jury. While cross-examining plaintiff's president, defendant obtained an admission that plaintiff's gross profit margin between 1981 and 1983 was between 8.93 percent and 18.8 percent. Thus, although not particularly relevant to the specific contract at issue, the jury was informed that a profit margin of 31 percent was atypically high for plaintiff. Therefore, even if the trial court had abused its discretion in determining that evidence regarding profit margins in general was irrelevant, we would be inclined to find the error harmless.

Affirmed. Costs to plaintiff.