157 Mich. App. 795 (1987)
404 N.W.2d 675
In re BACKOFEN ESTATE
FIRST OF AMERICA BANK
v.
BACKOFEN
Docket No. 81826.
Michigan Court of Appeals.
Decided February 18, 1987.
O'Toole, Stevens, Johnson, Knowlton & Rolf (by Michael L. Rolf), for First of America Bank.
Marcus, Vander Ploeg & Ruck (by Charles W. Luyendyk), for Lois S. Backofen.
Before: BEASLEY, P.J., and R.M. MAHER and R.L. TAHVONEN,[*] JJ.
R.L. TAHVONEN, J.
In this appeal from probate court, personal representative Lois Backofen challenges an order allowing the claim of First of America Bank in the amount of $21,200.24. At the center of this dispute is the "business entity exemption," MCL 438.61; MSA 19.15(71), to Michigan's *797 general usury statute, MCL 438.31; MSA 19.15(1). We reverse and remand.
Although the parties identify a number of issues, we find one to be both central and dispositive, i.e., whether the trial court erred in excluding evidence offered by the fiduciary regarding the bank's knowledge of the borrower-decedent's personal financial statement and the use to be made of the loan proceeds. Analysis and resolution of that issue requires a brief statement of the facts.
On July 30, 1981, Lawrence R. Backofen signed a business promissory note with the Muskegon Bank & Trust Company (now First of America Bank of Muskegon) in Muskegon, Michigan. Mr. Backofen also signed a sworn statement so that he could apply for an unincorporated business loan. Given Mr. Backofen's sworn statement that he was engaged in business as an attorney and that he would use the proceeds for a business purpose, the bank approved a loan of $20,725 at a twenty-two percent interest rate, which Mr. Backofen was required to repay in ninety days. At the time of the loan, Doug VanderLaan, the bank officer who loaned Mr. Backofen the money, issued two checks; one check for $15,000 payable to the Internal Revenue Service and a second check payable directly to Mr. Backofen for the balance of the loan proceeds. The loan was due on October 28, 1981, but Mr. Backofen died on October 1, 1981.
On October 22, 1981, Mr. Backofen's wife, Lois Backofen, was appointed as the deceased's personal representative. On October 6, 1982, Mrs. Backofen paid the bank $10,000 which was deducted from the principal amount due on the note. On March 21, 1983, when further payments were not forthcoming, the bank filed a petition requesting court supervision of the estate. The petition alleged that the estate owed the bank $17,392.71 *798 and asked the court to enjoin the personal representative from disbursing estate monies.
Following the usual preliminary procedural skirmishes, the trial court held a hearing on the claim in July of 1983. At that time, the fiduciary for the first time raised an objection to the claim on the ground that it was founded on a usurious note. The trial court adjourned the hearing to see if the parties could reach a settlement in the case.
A year later, a second hearing on the objection to the claim was conducted. At that hearing, the fiduciary's attorney asked Mr. VanderLaan about a personal financial statement which the decedent had filed with the bank. The bank objected on the ground that any questions pertaining to the bank's knowledge of a personal purpose to the loan were irrelevant because the decedent had signed a sworn statement which provided that the funds were to be used to pay taxes. The court agreed and ruled that inquiry concerning the bank's knowledge of a personal use for the loan proceeds was irrelevant under the business entity exemption to the usury statute. Later in the hearing, Mrs. Backofen tried to introduce the two loan proceeds checks issued by the bank, as well as personal notes which the bank's agents had made concerning the loan. The bank objected, claiming that this evidence was irrelevant. The trial court agreed. Mrs. Backofen then attempted to examine Mr. VanderLaan on the usual loan application procedures for both personal and commercial loans. Again, the bank objected on the basis that such information was irrelevant. Again, the trial court agreed and sustained the objection.
During his testimony, Mr. VanderLaan stated that Mr. Backofen came directly to the bank's commercial loan department in connection with the transaction and never indicated that he would *799 use the proceeds for personal purposes or that his affidavit was false.
At the conclusion of the proofs, the court took the case under advisement and directed counsel to file briefs. No briefs were filed. On November 8, 1984, the trial court entered an order allowing the bank's claim in the full amount of $21,200.24, together with costs of $15 and attorney fees of $100. The personal representative of the estate appeals as of right.
The crux of this appeal is the trial court's ruling that the proffered evidence of the underlying nature of the loan transaction was irrelevant. In the court's view, the bank's knowledge of the personal purpose of the business loan was of no legal consequence in light of the provisions of the "business entity exemption" to the general proscription against usury. MCL 438.61; MSA 19.15(71) permits a bank to loan funds to a business entity at any rate of interest agreed to in writing. The statute defines "business entity" as:
(a) A corporation, trust, estate, partnership, cooperative, or association; or (b) A natural person who furnishes to the extender of the credit a sworn statement in writing specifying the type of business and business purpose for which the proceeds of the loan or other extension of credit will be used, but the exemption provided by this act does not apply if the extender of credit has notice that the person signing the sworn statement was not engaged in the business indicated. [MCL 438.61(1); MSA 19.15(71)(1).]
Because the decedent signed a sworn statement that he was engaged in the business of being an attorney, and the fiduciary never claimed that the decedent was not an attorney, the trial court treated the sworn statement as conclusive of the *800 issue. However, being an attorney is not the same as engaging in the business of the practice of law. The "business entity exemption" by its own terms is not available to a lender who has notice that the borrower is not engaged in the business indicated. In this case, the fiduciary attempted to show such notice through documents and testimony that would tend to establish the bank's knowledge that decedent was borrowing for personal purposes and, thus, was not engaged in the business he claimed.
Relevant evidence is broadly defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of an action more probable or less probable than it would be without the evidence." MRE 401, Kent Concrete, Inc v Hospital Building & Equipment Co, 150 Mich App 91, 95; 388 NW2d 257 (1986). Generally, all relevant evidence is admissible. MRE 402; Bartlett v Sinai Hospital of Detroit, 149 Mich App 412, 416-417; 385 NW2d 801 (1986). Since the excluded evidence in the instant case would have been probative of the bank's notice of inaccurate information on the decedent's sworn statement, it was relevant and should have been admitted. The trial court thus abused its discretion in excluding the evidence.
The bank's remaining arguments merit little discussion. The parol evidence rule does not bar testimony regarding the circumstances under which the loan transaction occurred. The terms of the contract embodying the loan are not in dispute, nor does the contract contain an integration clause which would operate to invoke the rule. NAG Enterprises, Inc v Allstate Industries, Inc, 407 Mich 407, 410; 285 NW2d 770 (1979). Decedent did not waive the usury defense, and such a defense is waived only to the extent that usurious *801 interest is voluntarily repaid. Union Guardian Trust Co v Crawford, 270 Mich 207, 211; 258 NW 248 (1935); Waldorf v Zinberg, 106 Mich App 159, 163-165; 307 NW2d 749 (1981). The dead man's statute, MCL 600.2166; MSA 27A.2166, does not bar the bank's agent's testimony. The statute was superseded by MRE 601. Dahn v Sheets, 104 Mich App 584, 588-590; 305 NW2d 547 (1981), lv den 412 Mich 928 (1982); James v Dixon, 95 Mich App 527, 530-532; 291 NW2d 106 (1980).
The probate court's order denying Mrs. Backofen's objection to the bank's claim is reversed, and this case remanded for rehearing in conformance with this opinion.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.