# STATE OF MICHIGAN

# COURT OF APPEALS

SUSAN ISKENDERIAN,

　　　　Plaintiff-Appellant/Cross-Appellee,

v

LINDSEY WURTZEL, DDS, and DONALD J.
WURTZEL, DDS, PC,

　　　　Defendants-Appellees/Cross-
Appellants.

UNPUBLISHED
January 11, 2018

No. 333905
Washtenaw Circuit Court
LC No. 15-000177-NH

SUSAN ISKENDERIAN,

　　　　Plaintiff-Appellant,

v

LINDSEY WURTZEL, DDS, and DONALD J.
WURTZEL, DDS, PC,

　　　　Defendants-Appellees.

No. 334618
Washtenaw Circuit Court
LC No. 15-000177-NH

Before: O'CONNELL, P.J., and HOEKSTRA and SWARTZLE, JJ.

PER CURIAM.

In Docket No. 333905, plaintiff, Susan Iskenderian, appeals by right a judgment of no cause of action, entered following a jury trial, in this action for dental malpractice. Defendants, Lindsey Wurtzel, DDS ("Dr. Wurtzel"), and Donald J. Wurtzel, DDS, PC, cross-appeal by right the same order. In Docket No. 334618, plaintiff Iskenderian appeals by right the trial court's August 10, 2016 order awarding costs to defendants, as the prevailing parties. We affirm in both appeals.

## I. FACTUAL BACKGROUND

Before treating with Dr. Wurtzel, Iskenderian had a psychological history that included prior psychiatric hospitalizations. As a child, Iskenderian had filed down her teeth and had

suffered failed root canals on four of her molars. In February 2011, Iskenderian saw Dr. Wurtzel regarding dental work. Dr. Wurtzel testified that she was aware of some of Iskenderian's past psychiatric history, including the filing of her teeth.

According to Iskenderian, she discussed treatment options with Dr. Wurtzel, but she did not want root canals because of her history of failed root canals. Iskenderian eventually acquiesced to a plan that involved extracting her remaining upper teeth and receiving a denture. Iskenderian claims that she felt rushed and pressured to proceed with this plan. Iskenderian denied signing a July 2012 treatment plan, and a handwriting expert opined that the signature on the treatment plan was not consistent with Iskenderian's signature. Iskenderian ultimately testified that she would not have agreed to extraction of her remaining teeth if she had been informed of possible complications, including changed facial appearance and bone loss.

According to Dr. Wurtzel, she discussed various treatment options repeatedly with Iskenderian. Because Iskenderian had infected teeth but did not want root canals, the only options for those teeth were extractions. Dr. Wurtzel testified that informed consent involved using models and discussing the process. Dr. Wurtzel testified that she extensively discussed the options with Iskenderian, including through the use of models that demonstrated what might happen regarding bone loss with dentures and implants. Dr. Wurtzel denied pressuring Iskenderian to make a decision and claimed that she made every effort to accommodate Iskenderian's comfort. Expert witnesses testified both in support of and in opposition to Dr. Wurtzel's procedures and whether those procedures complied with the standard of care and informed consent practices.

Iskenderian had her remaining upper teeth extracted on April 4, 2013, after signing a consent form for extraction. Iskenderian believed the form was deficient because it did not indicate possible complications, such as bone loss and change in facial appearance. Dr. Wurtzel agreed that those possible complications were not listed on the form. Following the extractions, Dr. Wurtzel gave Iskenderian an immediate denture, which Iskenderian was supposed to wear until the swelling went down. Iskenderian testified that the denture caused gagging and made her feel nauseated. Iskenderian stated that she could not eat with the denture and could not wear it because it was too painful and because her facial appearance began to change.

Iskenderian stated that she became depressed and began isolating herself because she felt ugly, humiliated, and deformed. Iskenderian ultimately became suicidal and was hospitalized for 12 days. Iskenderian's psychologist testified that Iskenderian's dental experience caused her to feel disfigured and had undermined Iskenderian's previous psychological gains. Iskenderian's psychologist opined that the proximate cause of Iskenderian's suicidal ideation was feeling disfigured, betrayed, and losing the gains she had made in recovering from a prior disorder.

Iskenderian's claims ultimately proceeded to a jury trial. The jury found that Dr. Wurtzel was not professionally negligent, and the trial court entered a judgment of no cause of action. On July 14, 2016, Iskenderian filed a claim of appeal from that judgment in Docket No. 333905. On July 15, 2016, defendants moved for an award of costs as the prevailing parties. On August 10, 2016, the trial court granted defendants' motion and awarded them taxable costs.

## II. EXCLUSION OF EVIDENCE

Iskenderian argues that a new trial is required because the trial court erred by excluding evidence of a booklet that she received from a subsequent treating physician and by excluding rules and regulations from the Michigan Administrative Code related to the licensing of dentists. The trial court excluded the booklet because Iskenderian offered it for its substantive content and it was inadmissible hearsay. The trial court excluded the regulations because Iskenderian failed to establish their relevance to this case.

Generally, this Court reviews for an abuse of discretion preserved challenges to a trial court's evidentiary rulings. *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010). The trial court abuses its discretion when its decision falls outside the range of principled outcomes. *Id*. This Court reviews unpreserved issues for plain error affecting a party's substantial rights. *Duray Dev, LLC v Perrin*, 288 Mich App 143, 150; 792 NW2d 749 (2010). An error is plain if it is clear or obvious, and an error affects a party's substantial rights if it affects the outcome of the lower court proceedings. *Id*.

As an initial matter, we conclude that these issues are not preserved because Iskenderian failed to make an appropriate offer of proof in support of admitting the challenged evidence. To preserve an issue involving the exclusion of evidence, the proponent must sufficiently identify the substance of the excluded evidence. MRE 103(a)(2). An offer of proof is required if the content is not apparent from the context of the questions that were asked. See MRE 103(a)(2); *Kent Concrete, Inc v Hosp Bldg & Equip Co*, 150 Mich App 91, 93 n 1; 388 NW2d 257 (1986).

In this case, Iskenderian did not identify the substantive content of the booklet that she was seeking to admit or any particular administrative rule that she believed was relevant. The context of the discussion does not make it clear what was contained in the excluded evidence. The booklet apparently contained some facts about dentures, but Iskenderian did not identify those facts or state what bearing they had on her case. Additionally, Iskenderian did not state exactly which regulations she wished to offer. Therefore, Iskenderian failed to make an appropriate offer of proof.

Iskenderian first argues that the trial court erred by excluding a booklet titled "*Facts About Your Dentures*." At trial, Iskenderian explained that she received the booklet from the University of Michigan Dental School after Dr. Wurtzel referred her to that school as part of her treatment plan. The trial court concluded that the booklet was inadmissible hearsay. Iskenderian argues on appeal that the trial court erred in excluding the booklet because it was admissible as part of her dental records under MRE 803(4).

Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Hearsay is inadmissible unless a hearsay exception applies. MRE 802. There is no general hearsay exception that allows admission of a party's medical records. The hearsay exception cited by Iskenderian, MRE 803(4), allows admission of "[s]tatements made for purposes of medical treatment or medical diagnosis in connection with treatment *and* describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably necessary to such diagnosis and treatment." (Emphasis added). The word "and" is a conjunction that means as well as or in addition to. *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 390; 803 NW2d 698

(2010). The booklet does not fit this hearsay exception. The booklet was not a description of Iskenderian's medical history, symptoms, pain, sensations, or the cause or character of Iskenderian's injuries.[1] Iskenderian also did not show that the booklet was reasonably necessary to obtain diagnosis or treatment.

In sum, regardless of whether the booklet was part of Iskenderian's medical records, Iskenderian has not identified a nonhearsay purpose for admitting the evidence,[2] and she has not shown that the evidence was admissible under any exception to the hearsay rule. Therefore, the trial court did not err by excluding this evidence.

Iskenderian next argues that the trial court erred by excluding regulations from Michigan's Administrative Code related to the licensing of dentists. The trial court excluded this evidence for failure to establish its relevance to Iskenderian's case.

The trial court may only admit relevant evidence. MRE 402. Relevant evidence is evidence that has any tendency to make a fact of consequence more or less likely to be true. MRE 401. Evidence is relevant if it is offered to prove or disprove a matter of consequence to the case. *Morales v State Farm Mut Auto Ins Co*, 279 Mich App 720, 731; 761 NW2d 454 (2008). The proponent of evidence must establish that the evidence is admissible. *Edry*, 486 Mich at 639.

To establish a claim of medical malpractice,[3] a plaintiff must demonstrate (1) the standard of care governing the defendant's conduct at the time of the alleged negligence, (2) the defendant's breach of that standard, (3) the plaintiff was injured, and (4) the plaintiff's injury was proximately caused by the defendant's breach. *Craig v Oakwood Hosp*, 471 Mich 67, 86; 684 NW2d 296 (2004). Generally, the dental standard of care is the

> duty to use that degree of care and skill which is expected of a reasonably competent practitioner of the same class, acting under the same or similar circumstances, having in mind (a) the state of the art for the particular medical

---

[1] The rationale behind MRE 803(4) is that statements made during attempts to obtain treatment are considered reliable because patients have a self-interested motivation in speaking the truth to obtain proper care and because such statements are reasonably necessary to the patient's diagnosis and treatment. *People v Meeboer (After Remand)*, 439 Mich 310, 322; 484 NW2d 621 (1992). This rationale does not apply when a doctor is making statements to the patient.

[2] As defendants observe, MRE 707 provides that "[t]o the extent called to the attention of an expert witness . . . , statements contained in published treatises, periodicals, or pamphlets on a subject of . . . medicine . . . are admissible for impeachment purposes only." Iskenderian did not seek to use the booklet for this purpose; instead, she sought to admit the booklet solely for the purpose of establishing the truth of its substantive content. Therefore, MRE 707 does not apply.

[3] Dental malpractice is a form of medical malpractice. See MCL 600.5838a(1)(b) (defining licensed health care professionals as including those licensed under MCL 333.16101 to MCL 333.18838); MCL 333.16601(c) and MCL 333.16611 (providing licensure for dentists).

situation, (b) whether a specialist should reasonably have been consulted, and (c) such local factors as might be pertinent. [*Birmingham v Vance*, 204 Mich App 418, 423; 516 NW2d 95 (1994) (quotation marks and citation omitted).]

In attempting to admit the regulations below, Iskenderian cited an unpublished decision of this Court that referenced dental regulations. However, that case involved a licensing action and concerned whether the plaintiff sufficiently maintained dental records in accordance with prescribed regulations. Iskenderian did not explain how the decision supported the relevancy of the regulations to a malpractice action.

On appeal, Iskenderian merely states that "the *State of Michigan Department of Licensing and Regulatory Affairs-General Dentistry Rules* are rules and regulations that licensed dentist[s] in the State of Michigan must adhere too [sic] always." Iskenderian asserts that "[e]ven though this is a dental malpractice case, those rules and regulations still apply." Iskenderian offers no additional explanation for why the rules apply or why they should be deemed relevant to this case. Iskenderian did not make an offer of proof at trial regarding which portions of the Michigan Administrative Code she sought to admit and what she sought to establish by admitting them. She similarly fails to make any such showing on appeal, so there is no basis for determining that any specific portion of the administrative code meets the standards for relevancy. Thus, Iskenderian has not shown that the trial court erred by excluding this evidence.[4]

## III. COSTS

Iskenderian argues that the trial court lacked jurisdiction to award defendants costs once Iskenderian filed her claim of appeal in Docket No. 333905. Whether a trial court has jurisdiction to enter an order is a question of law, which we review de novo. *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 205; 631 NW2d 733 (2001).

Once a claim of appeal is filed, the trial court generally may not amend the order appealed from unless certain exceptions apply. MCR 7.208(A). Thus, "the filing of a claim of appeal typically divests the circuit court of its jurisdiction to amend its final orders and judgments." *Ypsilanti Fire Marshal v Kircher (On Reconsideration)*, 273 Mich App 496, 542; 730 NW2d 481 (2007). One exception to this rule is contained in MCR 7.208(J), which expressly provides that "[t]he trial court may rule on requests for attorney fees or costs under . . . MCR 2.625 . . . unless the Court of Appeals orders otherwise." Iskenderian's reliance on *Co-Jo, Inc v Strand*, 226 Mich App 108, 119; 572 NW2d 251 (1997), is misplaced because that case was decided before MCR 7.208 was amended in 1999 to provide that a trial court has the authority to rule on a request for costs after an appeal has been filed. Accordingly, Iskenderian's filing of her claim of appeal in Docket No. 333905 did not divest the trial court of jurisdiction to award costs to defendants, as the prevailing parties, under MCR 2.625.

---

[4] Defendants raise three issues on cross-appeal, but acknowledge that it is not necessary for this Court to consider the issues if this Court declines to reverse in Iskenderian's appeal in Docket No. 333905. Having found no error requiring reversal, we decline to address defendants' issues.

We affirm.

/s/ Peter D. O'Connell
/s/ Joel P. Hoekstra
/s/ Brock A. Swartzle