ZALUT v ANDERSEN & ASSOCIATES, INC

Docket No. 108886. Submitted April 3, 1990, at Detroit. Decided November 19, 1990, at 9:06 A.M.

Gregory and Cynthia Zalut brought a breach of warranty and products liability action in the Wayne Circuit Court against Andersen & Associates, Inc., and Raymond Manufacturing, Inc., after Gregory Zalut was injured during the course of his employment while driving a forklift manufactured by Raymond and distributed by Andersen. Mediation resulted in an evaluation of $90,000 for Gregory Zalut and $1 for his wife. All parties rejected the evaluation. Following a jury trial and an adjustment of the verdict to represent the finding that Gregory Zalut had been eighty-eight percent comparatively negligent, Gregory Zalut was awarded $30,000 and his wife, $9,600. The trial court, John R. Kirwan, J., denied the defendants' motion for actual costs, and they appealed. The plaintiffs cross appealed, alleging error in the jury instruction regarding comparative negligence.

The Court of Appeals *held:*

1. The trial court erred in holding that at the time of the mediation MCR 2.403(O)(1) provided for only an award of normal costs and not attorney fees. The order denying the defendants' motion for actual costs is reversed and remanded.

2. The jury was properly instructed that evidence of Gregory Zalut's violation of regulations of the Michigan Occupational Safety and Health Act could be considered as evidence of his comparative negligence. The use of such regulations in determining the standard of care does not enlarge or affect the common-law duties or liabilities of employers and employees in violation of the act.

Affirmed in part and reversed in part.

REFERENCES

Am Jur 2d, Costs §§ 14, 20; Plant and Job Safety-OSHA and State Laws §§ 131, 137.

See the Index to Annotations under Comparative Negligence; Costs of Actions; Negligence; Occupational Safety and Health; Prevailing or Successful Party.

1. Costs — Mediation — Court Rules.

    Where both parties reject a mediation evaluation and the matter proceeds to trial, a party is entitled to actual costs if the verdict is more favorable to that party than the mediation evaluation (MCR 2.403[O][1]).

2. Negligence — Comparative Negligence — Michigan Occupational Safety and Health Act.

    A violation by an employee of the regulations promulgated under the Michigan Occupational Safety and Health Act, when causally related to the employee's injury, is relevant evidence regarding the issue of the employee's comparative negligence and, when properly pled, may be submitted to a jury (MCL 408.1012[a]; MSA 17.50[12][a]).

3. Negligence — Standard of Care — Michigan Occupational Safety and Health Act.

    The use of regulations promulgated under the Michigan Occupational Safety and Health Act in determining the standard of care necessary to secure a worker's safety does not affect or enlarge the worker's common-law duties or liabilities (MCL 408.1002[2]; MSA 17.50[2][2]).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *J. D. Ledbetter*), for the plaintiffs.

*Dykema Gossett* (by *J. Thomas Lenga, Thomas W. Watkins* and *Linda M. Galante*), for the defendants.

Before: Gribbs, P.J., and Hood and Shepherd, JJ.

Shepherd, J. After entry of a jury verdict in favor of plaintiffs, defendants moved for actual costs against plaintiffs pursuant to MCR 2.403(O)(1). Defendants appeal from the trial court's order denying their motion. Plaintiffs cross appeal arguing that the trial court improperly instructed the jury on the issue of plaintiff Gregory Zalut's comparative negligence.

Plaintiff Gregory Zalut was injured while driving a forklift in the course of his employment.

Plaintiffs brought suit against defendants, the manufacturer and distributor of the forklift, for breach of warranty and products liability. Prior to trial, mediation resulted in an evaluation of $90,000 to Gregory Zalut and $1 to his wife. The mediation evaluation was rejected by plaintiffs. Subsequently, defendants also rejected the mediation evaluation. The case proceeded to trial, and the jury returned a verdict of $250,000 for Gregory Zalut and $80,000 for his wife. However, the jury also found Gregory Zalut to have been eighty-eight percent negligent and, therefore, the awards were adjusted to $30,000 to Gregory Zalut and $9,600 to his wife.

Defendants moved for actual costs against plaintiffs on the basis of MCR 2.403(O)(1). At the time of the mediation in this case the court rule stated:

(O) Rejecting Party's Liability for Costs.

(1) If a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.

(2) For the purpose of subrule (O)(1), a verdict must be adjusted by adding to it assessable costs and interest on the amount of the verdict from the filing of the complaint to the date of the mediation evaluation. After this adjustment, the verdict is considered more favorable to a defendant if it is more than 10 percent below the evaluation, and is considered more favorable to the plaintiff if it is more than 10 percent above the evaluation.

(3) For the purpose of this rule, actual costs include those costs taxable in any civil action and a reasonable attorney fee as determined by the trial judge for services necessitated by the rejection of the mediation evaluation.

(4) Costs shall not be awarded if the mediation award was not unanimous.

There is no dispute that the verdict was more than ten percent below the mediation evaluation. Plaintiffs claimed below and the trial court agreed that the court rule allows actual damages, which includes attorney fees, only when one party rejects and the other party accepts the evaluation. It was the trial court's decision that where both parties had rejected the evaluation the court rule provided only for an award of normal costs, which does not include attorney fees. We disagree with the trial court's decision and therefore reverse its order denying defendants' motion for actual costs.

It is plaintiffs' contention that the drafters of the court rule, by omitting the word "actual" when describing the costs to be awarded when both litigants reject a mediation evaluation, intended that only normal costs be awarded, and not attorney fees. Plaintiffs point to the predecessor court rule, GCR 1963, 316.7(b)(3), in support of their argument. GCR 1963, 316.7(b)(3) provided that when both parties reject a mediation evaluation and the verdict is more than ten percent below the evaluation, actual costs may be assessed. Plaintiffs assert that the drafters of the present court rule, by omitting the word "actual," when it had been used in the predecessor court rule, expressed their intent to change the type of costs to be awarded in such a situation.

We have found nothing in the commentary to the rule or in the case law which would support plaintiffs' reading of the court rule. It is our opinion that the omission of the word "actual" in the second sentence of MCR 2.403(O)(1) describing costs was inadvertent. We believe that to read the rule any other way would create a distinction

where one is not warranted or intended. Indeed, one panel of this Court, while not addressing this precise issue, affirmed an award for "actual" costs where both parties had rejected the mediation evaluation. *Herrera v Levine,* 176 Mich App 350; 439 NW2d 378 (1989).

This conclusion is supported by first examining the purpose of the mediation rule as it was set forth by this Court in *Smith v Elenges,* 156 Mich App 260, 263; 401 NW2d 342 (1986):

> The purpose of the mediation rule is to expedite and simplify the final settlement of cases. *Lincoln v Gupta,* 142 Mich App 615, 631; 370 NW2d 312 (1985). The policy underlying this rule is to place the burden of litigation costs upon the party who insists upon a trial by rejecting a proposed mediation award. Thus, the rules are designed to favor settlements before a trial has been held, and to relieve parties, who are willing to settle for a fair amount, of the burden of a trial.

As we said in *Issa v Garlinghouse,* 133 Mich App 579, 582; 349 NW2d 527 (1984):

> These rules are not to be interpreted with such wooden literalness if such a construction is inconsistent with their purpose.

There is nothing in the history of MCR 2.403(O) which supports the interpretation urged by plaintiffs. The change advocated by plaintiffs is a dramatic change and there is nothing in the published history of the rule to indicate that the failure to include the word "actual" in the last sentence of MCR 2.403(O)(1) was intended to make such a monumental change in the rule. Specifically, neither the staff comments nor the authors' comment in the leading text on the Michigan

Court Rules make any reference to the interpretation advocated by plaintiffs. See 2 Martin, Dean & Webster, Michigan Court Rules Practice, Rule 2.403, pp 432-434, 447. Finally, an examination of the wording of MCR 2.403(O)(1) demonstrates that plaintiffs' interpretation is incorrect. The first sentence of the rule standing alone would govern this case because it directs the award of "actual costs" whenever a party rejects the evaluation "unless the verdict is more favorable to the rejecting party than the mediation evaluation." That is what occurred in this case. The next sentence of the rule refers to the situation of the opposing party also rejecting the panel's evaluation and begins with the word "However." This appears to modify the first sentence and could not have been intended to exempt from the operation of the rule all cases in which both parties reject the mediation panel's evaluation.

On cross appeal, plaintiffs argue that the trial court erred by instructing the jury that if it found that Gregory Zalut had violated regulations of the Michigan Occupational Safety and Health Act, MCL 408.1001 *et seq.*; MSA 17.50(1) *et seq.*, while operating the forklift that the violations could be considered evidence of his comparative negligence. It is our opinion that the trial court did not err in so instructing the jury.

There is no dispute that the doctrine of comparative negligence is applicable in products liability actions. *Karl v Bryant Air Conditioning Co,* 416 Mich 558, 569; 331 NW2d 456 (1982). Under the doctrine of pure comparative negligence a plaintiff's damages are reduced in proportion to the contribution which the plaintiff's own negligence had in causing the injury. *Placek v Sterling Heights,* 405 Mich 638, 661; 275 NW2d 511 (1979), reh den 406 Mich 1119 (1979). Thus, the same

standards which are applicable in determining a defendant's negligence are applicable in determining a plaintiff's comparative negligence. In Michigan, the violation of administrative rules and regulations is evidence of negligence, and therefore when a violation is properly pled it may be submitted to the jury. *Beals v Walker,* 416 Mich 469, 481; 331 NW2d 700(1982).

Plaintiffs argue that violations of the Occupational Safety and Health Act, 29 USC 651 *et seq.,* and the MIOSHA regulations should not be considered evidence of an employee's comparative negligence because those regulations do not set forth standards for employee negligence and are applicable only to employers. We reject this assertion. The MIOSHA provides that it is the duty of the employee to comply with the rules, standards and orders issued pursuant to the act. MCL 408.1012(a); MSA 17.50(12). Whether an employee may be fined for the failure to follow regulations promulgated pursuant to the act is immaterial to this case. What is important to note is that Gregory Zalut was required to follow safety regulations. We may assume, because he did not plead or prove to the contrary, that he knew of the applicable regulations and of his obligation to comply with them. The MIOSHA was enacted to insure safety in the workplace. The regulations promulgated under the MIOSHA set standards for safety in the workplace. A violation of the regulations would thus be relevant evidence to the issue of the violator's negligence, *Beals, supra,* assuming the violation was causally related to the injury.

Plaintiffs argue that violation of a MIOSHA regulation should not be used as evidence of negligence because the current MIOSHA and OSHA statutes expressly state that they are not to be construed to enlarge or affect common-law duties or liabilities

of employers and employees. MCL 408.1002(2); MSA 17.50(2)(2), 29 USC 653(b)(4). We reject plaintiffs' assertion that application of the MIOSHA standards as evidence of negligence would result in the creation of a new tort action based upon the statute. The Michigan Supreme Court in *Hardy v Monsanto Enviro-Chem Systems, Inc,* 414 Mich 29, 47; 323 NW2d 270 (1982), held that a violation of the occupational safety statute which preceded the MIOSHA could be used as evidence of an employee's negligence. See also *Beals v Walker, supra.*

The use of a regulation violation as evidence of comparative negligence merely serves to give some standard by which a reasonable worker's conduct may be measured. Using the MIOSHA regulations as standards obviates the need to require a litigant to provide extensive proofs of what a reasonable worker using the particular equipment in issue would have done. Plaintiffs do not assert that a reasonably prudent worker would not need to follow these regulations to insure his own safety. Plaintiffs thus appear to be objecting to the method of proving the applicable standard of care. We believe that the use of the MIOSHA regulations in determining the standard of care necessary to secure a worker's own safety does not affect or enlarge the worker's common-law duties or liabilities, it merely simplifies the evidentiary process of proving the applicable standard of care.

Plaintiffs next argue that any alleged violation of the MIOSHA and OSHA regulations were not the proximate cause of Gregory Zalut's injuries. Plaintiffs assert that the allegedly negligent conduct, while it may be causally connected to the crash, did not cause the injuries. It is plaintiffs' theory that the cause of the crash is irrelevant to the products liability action against defendants which alleges the failure to adequately protect the driver

in the event of a crash. We find no merit in plaintiffs' assertion. If, as the jury found, Gregory Zalut's negligent conduct contributed to the crash, then his conduct was one of the causal factors in his injury. Thus, his conduct was relevant in determining liability for the injuries he suffered. If the conduct which played a causal role in the crash constituted violations of the MIOSHA regulations, defendants are entitled to have the jury so instructed. We find no error in the trial court's instruction to the jury.

The order of the trial court denying defendants' motion for actual costs is reversed and remanded. The judgment of the trial court is in all other respects affirmed.