*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MEADOWLARK BUILDERS LLC,

      Plaintiff-Counterdefendant-
      Appellee/Cross-Appellant,

v

EMILY EVANS,

      Defendant-Counterplaintiff-Third-
      Party Plaintiff-Appellant/Cross-
      Appellee,

and

ARBOR INSULATION LLC and QUALITY
ELECTRIC SERVICES,

      Third-Party Defendants-Appellees,

UNPUBLISHED
February 5, 2019

No. 341492
Washtenaw Circuit Court
LC No. 16-000355-CK

Before: SERVITTO, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM.

Counterplaintiff, Emily Evans (Evans), appeals as of right the trial court's granting of summary disposition in favor of counterdefendant and third-party defendants on her claims against them. Evans also challenges certain aspects of the trial court's rulings in favor of plaintiff, Meadowlark Builders, Inc., (Meadowlark) in its claims against her. Meadowlark cross-appeals from the trial court's ruling wherein it declined to award attorney fees to Meadowlark under the Michigan Construction Lien Act. We affirm in Evans' appeal, but remand the matter to the trial court to articulate its reasons for denying Meadowlark's motion for attorney fees made under MCL 570.1118(2).

Meadowlark, a licensed residential builder, initiated a breach of contract and foreclosure of a construction lien action against Evans, asserting that Evans failed to pay it for home improvement materials and services it provided on her Ann Arbor home pursuant to a November

25, 2015 contract between the two. Evans brought a counter-complaint against Meadowlark and a third-party complaint against Arbor Insulation, LLC (Arbor), a subcontractor hired by Meadowlark to perform insulation work, and Quality Electric Services (Quality), the subcontractor that performed electrical work on her home, for unjust enrichment, breach of implied covenant of good faith and fair dealing, civil conspiracy, negligence, and breach of implied warranty. Evans contended that the work they were hired to perform (electrical and insulation) was shoddy, that Meadowlark overcharged her, and that the work was not completed.

Meadowlark, Arbor, and Quality all moved for summary disposition concerning Evans' claims against them pursuant to MCR 2.116(C)(8). In an October 13, 2016 order, the trial court dismissed Evans counter and third-party claims for breach of implied covenant of good faith and fair dealing and breach of implied warranty. Meadowlark, Arbor, and Quality thereafter moved for summary disposition on Meadowlark's claims against Evans and on Evans' remaining counter- and third-party claims pursuant to MCR 2.116(C)(10). They argued that the work authorization signed by Evans clearly stated that she was required to pay the contract balance upon substantial completion of the project, that they substantially completed the project, and that Evans admitted she did not pay the total amount due under the contract. The trial court granted the motion in part and denied it in part, leaving only Evans' counter- and third-party claim of unjust enrichment for trial, along with Meadowlark's claims against her for breach of contract and foreclosure of a construction lien.

On October 2, 2017, the date set for jury trial in the matter, Evans and her counsel failed to appear for trial. Meadowlark thus proceeded to select a jury and placed its proofs on the record. Meadowlark then moved for a default judgment in its favor on its claims against Evans and for directed verdict as to Evans' counterclaim for unjust enrichment, as did Arbor, and Quality. The trial court granted both the motion for default judgment and the motions for directed verdict. The trial court later granted Meadowlark's motion for case evaluation sanctions under MCR 2.403, but denied its motion for attorney fees under the Michigan Construction Lien Act. The trial court also denied Evans' motion to set aside the default judgment and for reconsideration.

As a preliminary matter, we first note that nowhere in Evans' brief is there a citation to any authority. Thus, her brief fails to conform to the requirements of MCR 7.212(C)(7). Moreover, it has long been held that a party may not simply announce a position or assert an error and "then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998). This Court could thus properly hold that all of Evans' arguments on appeal fail at the outset. In its discretion, this Court will briefly address Evans' claims on appeal.

On appeal, Evans first contends that the trial court erred in granting summary disposition in favor of Meadowlark, Arbor, and Quality on her counter- and third-party claims against them. We disagree.

Appellate review of the grant or denial of a summary disposition motion is de novo, with the court viewing the evidence in the light most favorable to the party opposing the motion. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A motion brought under

MCR 2.116(C)(8) tests the legal sufficiency of the complaint solely on the basis of the pleadings and a party may not support a motion under subrule (C)(8) with documentary evidence such as affidavits, depositions, or admissions. *Dalley v Dykema Gossett*, 287 Mich App 296, 304–05; 788 NW2d 679 (2010). A court may grant summary disposition under MCR 2.116(C)(8) if "[t]he opposing party has failed to state a claim on which relief can be granted." Summary disposition on the basis of subrule (C)(8) should be granted only when the claim "is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery." *Id*. (citation omitted).

A motion for summary disposition made under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Bernardoni v City of Saginaw*, 499 Mich 470, 472; 886 NW2d 109 (2016). The Court considers all affidavits, pleadings, depositions, admissions, and other substantively admissible evidence submitted by the parties in the light most favorable to the party opposing the motion, and the adverse party is required to set forth specific facts at the time of the motion showing a genuine issue for trial. *Id*. at 472-473. When the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. *Id*. at 473.

Evans brought a claim for breach of an implied covenant of good faith and fair dealing that she alleged was imposed on the contract between her and Meadowlark. Under the Uniform Commercial Code (UCC), "[e]very contract or duty within this act imposes an obligation of good faith in its performance and enforcement." MCL 440.1304. However, the UCC applies to only specifically enumerated transactions. The UCC applies "to a transaction to the extent that it is governed by another article of this act." MCL 440.1102. Defendant's contract with defendant is one for services and does not fall under the auspices of the UCC.

It is also well-settled that, "[u]nlike some other jurisdictions, Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *In re Leix Estate*, 289 Mich App 574, 591; 797 NW2d 673 (2010) (quotation marks and citations omitted). Thus, where the claim (like this one) is for an *implied* covenant of good faith and fair dealing under the common law, rather than claim based upon the *statutory directive* in the UCC that "a contract or duty within this act imposes an obligation of good faith in its performance and enforcement," Michigan does not recognize such a claim. *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 476; 666 NW2d 271 (2003). The trial court thus properly dismissed Evans' counter- and third-party claim for breach of implied warranty of good faith and fair dealing.

Evans also set forth a counter- and third-party claim for breach of implied warranty, indicating that in every service contract, there is an implied duty to perform the services "skillfully, carefully, diligently, and in a workmanlike manner." Evans alleged that Meadowlark and third-party defendants breached this implied warranty by employing an unlicensed electrician to perform services on her home and employed inexperienced insulation installers who did not perform the work properly and completely.

In *Nash v Sears Roebuck & Co*, 383 Mich 136, 142-143; 174 NW2d 818 (1970), our Supreme Court recognized an implied duty, in every contract for work or services, to perform in a diligent and reasonably skillful workmanlike manner, the breach of which may form the basis for an action in tort. It did not, however, recognize an implied *warranty* in connection with a

-3-

service contract.  And, this Court, in *Co-Jo, Inc v Strand*, 226 Mich App 108, 114-115; 572 NW2d 251 (1997), superseded on other grounds as stated in *Compuware Corp v Moody's Investor Services, Inc*, 499 F3d 520, 532 (CA 6, 2007), stated that the negligent performance of a contract may constitute a tort as well as a breach of contract, but that the negligent performance of a service contract does not establish breach of an implied warranty.  Because Evans' contract with Meadowlark was one for services, she has no actionable claim for breach of implied warranty for the alleged negligent performance of the service contract and the trial court properly dismissed this claim.

With respect to her claim for civil conspiracy, Evans alleged that "defendants, in concert, conspired to inflate prices for material and labor in an effort to extract as much money as possible from Evans" and that "this conspiracy resulted in the illegal, unlawful, or tortious activity of breach of the implied covenant of good faith and fair dealing."  Because a breach of the implied covenant of good faith and fair dealing is not an actionable tort in a service contract, Evans' claim of civil conspiracy fails.

Finally, Evans asserted a claim for negligence alleging that Meadowlark owed a duty to her to employ licensed professionals to manage and perform work on her home, and to act in good faith in the negotiation of prices and terms as it related to the work on her home.  Evans asserted that Meadowlark breached those duties by hiring an unlicensed electrical worker and by artificially inflating prices for material and labor.

"To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011).  Summary disposition in favor of a defendant is proper "if the plaintiff fails to establish a duty in tort." *Beaudrie v Henderson*, 465 Mich 124, 130; 631 NW2d 308 (2001).  To determine whether a legal duty exists, courts examine a variety of factors, including the relationship of the parties, the foreseeability of the harm, the degree of certainty of injury, the closeness of connection between the conduct and injury, the moral blame attached to the conduct, the policy of preventing future harm, and the burdens and consequences of imposing a legal duty. *In re Certified Question from the Fourteenth District Court of Appeals of Texas*, 479 Mich 498, 505; 740 NW2d 206 (2007); *Valcaniant v  Detroit Edison Co*, 470 Mich 82, 86; 679 NW2d 689 (2004).

The Occupation Code, MCL 339.101, *et seq*. applies to and regulates skilled trades. MCL 339.5101 *et seq*.  MCL339.5737(1) prohibits a person from engaging in the business of electrical contracting without an electrical contractor's license.  Contained in the Occupational Code itself are criminal and administrative penalties for one who violates the licensure requirement of the Occupational Code.  See, e.g., MCL 339.601(4); MCL 339.602.  However, "[n]owhere in article 6 is there any intimation by the Legislature that private persons may bring or intervene in civil actions to enforce any of the provisions of the Occupational Code." *Claire-Ann Co v Christenson & Christenson, Inc*, 223 Mich App 25, 30; 566 NW2d 4 (1997).  Thus, Evans' claim of negligence based on the services provided by an unlicensed electrician has no merit.

Evans claim of negligence premised upon Meadowlark's alleged breach of a duty to "act in good faith in the negotiation of prices and terms as it related to the work on her home," by "artificially inflating prices for material and labor" also has no merit. Determining whether an action in tort can arise out of a contractual promise is often largely semantic and difficult to discern. *Loweke*, 489 Mich at 171. But whether a particular defendant owes *any duty at all* to a particular plaintiff in tort is generally determined without regard to the obligations contained within the contract. *Id*. (citations omitted, emphasis in original). The duties alleged to have been breached by Meadowlark go to the writing of the contract itself. While our Courts recognize a duty of good faith in bargaining or negotiating in certain realms (such as collective bargaining agreements; see, e.g., *Macomb Co v AFSCME Council 25*, 494 Mich 65, 79; 833 NW2d 225 (2013)), there is no such requirement imposed upon private parties entering into a contract. No statute or case law suggests the existence of a duty of good faith in negotiation in contract prices or terms between private parties. Because Evans failed to establish the existence of a duty on Meadowlark's part, her negligence claim was properly dismissed.

Evans next asserts that after dismissing the bulk of her claims, the trial court abused its discretion in declining to allow her to amend her counter- and third-party complaint to add claims of fraudulent misrepresentation, silent fraud, violation of MCL 125.1447, and an alternative claim of negligent misrepresentation. We disagree.

The grant or denial of leave to amend pleadings is within the trial court's discretion. *PT Today, Inc v Commr of Office of Fin & Ins Services*, 270 Mich App 110, 142; 715 NW2d 398 (2006). An abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes. *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007).

MCR 2.118(A)(1) provides, in relevant part, "a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires." "Leave to amend may be denied for particularized reasons, such as undue delay, bad faith, or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Amburgey v Sauder*, 238 Mich App 228, 247; 605 NW2d 84 (1999). In addition, MCR 2.116(I)(5) states that if the trial court grants summary disposition pursuant to MCR 2.116(C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings "unless the evidence then before the court shows that amendment would not be justified." An amendment is considered futile if it is legally insufficient on its face or if allegations in the proposed amendment merely restate those allegations already made. *Wormsbacher v Seaver Title Co*, 284 Mich App 1, 8–9; 772 NW2d 827 (2009).

Discovery had closed in this matter in February of 2017 and the parties had already undergone case evaluation. Evans asserts that Meadowlark knew from the beginning of this case that she was alleging that it took advantage of her and defrauded her. That being the case, there is no stated good reason for defendant to have not sought to amend her complaint well prior to the filing of her June 2017 motion to amend. Evans, then, unduly delayed bringing her proposed amended counter- and third-party complaint.

In addition, the new claims sought to be added by Evans were supported by allegedly new evidence and an affidavit of a previously undisclosed witness. "[A]a trial court may find prejudice when the moving party seeks to add a new claim or a new theory of recovery on the basis of the same set of facts, after discovery is closed, just before trial, and the opposing party shows that he did not have reasonable notice, from any source, that the moving party would rely on the new claim or theory at trial." *Weymers v Khera*, 454 Mich 639, 659–60; 563 NW2d 647 (1997). Discovery having closed months before and trial being set for October 2, 2017, and Evans asserting that she knew from the time the case was filed that Meadowlark defrauded her, Meadowlark, Arbor, and Quality would be prejudiced by the late amendment of her counter- and third-party complaint.[1] And, based upon the evidence that was submitted to the trial court, it is clear that Evans' proposed amendments to her complaint would also be futile.

Evans next claims that the trial court abused its discretion in denying her motion to amend her witness list to add builder Joe O'Neal as an expert witness. Because Evans and her counsel failed to appear for trial and thus called no witnesses, this issue is moot.[2] And, it is undisputed that discovery had closed long ago. The request for the addition of an expert witness at that juncture not only failed to comply with the trial court's scheduling order, but adding the witness would also prejudice Meadowlark, Arbor, and Quality. The affidavit of O'Neal was attached to Evans June 2017 motion to amend her counter- and third-party complaint and was apparently the first notice that Meadowlark, Arbor, and Quality had of the existence of O'Neal. Discovery having closed and trial scheduled for a mere month after Evans' motion to add O'Neal as a witness, there would be insufficient time to conduct discovery regarding O'Neal. The decision denying Evans' request to amend her counter- and third-party complaint was within the range of reasonable and principled outcomes. *Saffian*, 477 Mich at 12.

Evans next avers that the trial court erred in granting a default judgment in favor of Meadowlark. We review a trial court's decision regarding whether to set aside a default for an abuse of discretion. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 223; 600 NW2d 638 (1999).

---

[1] Evans claims it was unjust of the trial court to allow Meadowlark to amend its complaint and deny her the same opportunity. However, Evans filed no opposition to Meadowlark's motion to amend its complaint to add a claim of unjust enrichment. Moreover, Meadowlark's claim was based on Evans' counsel's argument at the summary disposition hearing in April of 2017, that there was no contract between the parties because there was no meeting of the minds. Meadowlark sought only to add an *alternative* claim of unjust enrichment based on counsel's argument and presented no new facts or allegations.

[2] Evans alleges that the trial court also abused its discretion in granting Meadowlark's motion in limine. Again, because Evans and her counsel failed to appear for trial, this issue is moot. In addition, Evans did not file a written response to the motion in limine and, at the hearing on the motion, Evans' counsel specifically stated that he did not oppose the motion. "A party cannot stipulate a matter and then argue on appeal that the resultant action was error." *Holmes v Holmes*, 281 Mich App 575, 588; 760 NW2d 300 (2008), quoting *Chapdelaine v Sochocki*, 247 Mich App 167, 177; 635 NW2d 339 (2001).

MCR 2.603(D) provides, in pertinent part:

> (1) A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.

The "good cause" requirement may be satisfied by demonstrating a procedural irregularity or defect or a reasonable excuse for failing to comply with the requirements that led to the default judgment. *Brooks Williamson & Assoc, Inc v Mayflower Const Co*, 308 Mich App 18, 25; 863 NW2d 333 (2014) (quotation marks and citations omitted).

The default was entered in this case for defendant's failure to appear for the scheduled trial on October 2, 2017. In the court's July 7, 2017 scheduling order, this matter had been set for jury trial on October 2, 2017. Plaintiff appeared on that date for trial, but defendant did not, and her counsel failed to appear as well.

Evans contends that the default should not have been granted because her counsel had withdrawn, that her mother had gone to the court on the day of trial to inform the court that Evans was too ill to attend the trial, and that she had been told there was no point in going to trial anyway unless accompanied by her former attorney. It is true that on Thursday, September 28, 2017, Evans' counsel filed an emergency motion to withdraw as counsel citing a breakdown in the attorney-client relationship. The same day, Evans, acting in pro per, filed an emergency motion to update the court records immediately to reflect that she was representing herself. However, no hearing was scheduled or heard on these motions and no order was entered with respect to the motions prior to the scheduled trial date of the following Monday, October 2, 2017. A trial court speaks through its written orders. *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009). No order having been entered to allow for the withdrawal of Evans' counsel and no motion or order to adjourn the trial date having been filed, Evans and her counsel were required to appear at the October 2, 2017, trial.

Even if, as Evans asserts, she was representing herself at the time of trial, her explanation for her failure to appear—that she thought the trial would be rescheduled due to her absence—fails. Parties representing themselves are held to the same standard of presentation as would be a member of the bar. *Baird v Baird*, 368 Mich 536, 539; 118 NW2d 427 (1962). Evans was thus charged with knowing that the trial court issued no order adjourning trial and that her failure to attend that trial did not require the trial court to reschedule the trial. Evan's misapprehension of what she thought the trial court might –do is not a reasonable excuse for failing to appear for trial if she was, in fact, representing herself, and thus does not present a valid claim of "good cause" for setting aside the default. *Brooks Williamson*, 308 Mich App at 25.

"[A] court, in its discretion, may dismiss a case with prejudice or enter a default judgment when a party and counsel fail to appear at a duly scheduled trial." *Zerillo v Dyksterhouse*, 191 Mich App 228, 230; 477 NW2d 117 (1991). Because Evans failed to

establish good cause for her failure to attend the trial, entry of a default against her was not an abuse of the trial court's discretion.[3]

On cross-appeal, Meadowlark asserts that the trial court abused its discretion in declining to award it the attorney fees it sought under the Michigan Construction Lien Act. The trial court awarded Meadowlark part of its requested attorney fees for case evaluation sanctions under MCR 2.403, awarding plaintiff $420.27 in costs and $26,758.00 in attorney fees, but denied its motion for attorney fees under the Michigan Construction Lien Act. The Act provides for the award of attorney fees as follows:

> In each action in which enforcement of a construction lien through foreclosure is sought, the court shall examine each claim and defense that is presented and determine the amount, if any, due to each lien claimant or to any mortgagee or holder of an encumbrance and their respective priorities. The court may allow reasonable attorneys' fees to a lien claimant who is the prevailing party. The court also may allow reasonable attorneys' fees to a prevailing defendant if the court determines the lien claimant's action to enforce a construction lien under this section was vexatious. [MCL 570.1118(2)]

A trial court is required to make findings of fact in determining whether to award attorney fees under the Construction Lien Act. *Sol Source, Inc v LPR Assoc Ltd Pship*, 252 Mich App 368, 381; 652 NW2d 474 (2002).

In declining to award Meadowlark attorney fees under the Construction Lien Act, the trial court simply stated that it was exercising its discretion. Lacking any factual findings by the trial court on this issue, we are unable to review the matter on appeal. Remand is therefore necessary for the trial court to articulate its reasons for denying Meadowlark's motion for attorney fees under MCL 570.1118(2).

We affirm in Evans' appeal, but remand the matter to the trial court to articulate its reasons for denying Meadowlark's motion for attorney fees made under MCL 570.1118(2). We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Mark T. Boonstra

---

[3] Evans states that the construction lien Meadowlark filed against her home was invalid and unenforceable but provides no argument whatsoever is support of this bare assertion. We will not rationalize the basis of this "claim," elaborate her argument for her, or search for authority in her stead. *Wilson*, 457 Mich at 243.