GRIEVANCE ADMINISTRATOR V HOLT, No. 111460.

*Orders Entered October 27, 1998:*

PROPOSED AMENDMENTS OF MCR 2.403, 2.405, 7.203, and 7.208. On order of the Court, this is to advise that the Court is considering proposed amendments to Michigan Court Rules 2.403, 2.405, 7.203, and 7.208. As explained in the Staff Comment following the rules, alternative language is proposed dealing with two separate issues. Before determining whether the proposals should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposals. We welcome the views of all who wish to address the proposals or who wish to suggest alternatives.

[The present language would be amended as indicated below:]

RULE 2.403. MEDIATION.
(A)-(N) [Unchanged.]
(O) Rejecting Party's Liability for Costs.
(1)-(7) [Unchanged.]
(8) A request for costs under this subrule must be filed and served within 28 days after the entry of the judgment or entry of an order denying a timely motion for a new trial or to set aside the judgment. The trial court shall not hear or rule on the request while an appeal of right or by leave granted is pending.
(9)-(11) [Unchanged.]
(P) Appeals. If an appeal by right or by leave granted is pending, a postjudgment order granting or denying attorney fees and costs under MCR 2.403 or 2.405 is appealable as follows:

(1) If the time period for filing the appellant's brief under MCR 7.212(A)(1)(a)(iii) has not begun to run, the appellant may file with the Court of Appeals a copy of the order and a notice that issues regarding the order will be included in the appeal.

(2) If the time period for filing the appellant's brief under MCR 7.212(A)(1)(a)(iii) has begun to run, or if the appellee seeks to appeal the order, an application for leave to appeal must be filed. However, the Court of Appeals shall grant the application and consolidate the appeals unless the pending appeal has progressed to the point where it would be impractical to consolidate.

RULE 2.405. OFFERS TO STIPULATE TO ENTRY OF JUDGMENT.

(A)-(E) [Unchanged.]

(F) Appeals. MCR 2.403(P) applies to appeals from orders awarding or denying costs under this rule.

RULE 7.203. JURISDICTION OF THE COURT OF APPEALS.

(A) Appeal of Right. The court has jurisdiction of an appeal of right filed by an aggrieved party from the following:

(1)-(3) [Unchanged.]

(4) An order awarding or denying attorney fees and costs under MCR 2.403 or MCR 2.405.

(B)-(E) [Unchanged.]

RULE 7.208. AUTHORITY OF COURT OR TRIBUNAL APPEALED FROM.

(A)-(H) [Unchanged.]

(I) Attorney Fees and Costs. The trial court may rule on requests for costs or attorney fees under MCR 2.403, 2.405, 2.625 or other law or court rule, unless the Court of Appeals orders otherwise.

*Staff Comment*: The proposed amendments of MCR 2.403, 2.405, 7.203, and 7.208 deal with two separate issues regarding the relationship of appeals and orders awarding or denying sanctions under the mediation and offer of judgment rules. As to each issue, alternative proposals are presented.

The first issue concerns the authority of the trial court to rule on requests for sanctions when an appeal has been taken. See *Co-Jo, Inc v Strand*, 226 Mich App 108 (1997). The first alternative would add a new MCR 7.208(I) to provide that the trial court has the authority to rule on such requests despite the pendency of an appeal. The second alternative would add language to MCR 2.403(O)(8) providing that the trial court could not hear or rule on such requests while the appeal is pending.

The second issue involves the appealability of orders awarding or denying sanctions. One proposal would amend MCR 7.203 to make such orders appealable by right. The other would add a new MCR 2.403(P) (and a cross-reference to it in MCR 2.405) to create a procedure for adding issues regarding such orders to pending appeals.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

> Publication of these proposals does not mean that the Court will issue an order on the subject, nor does it imply probable adoption in its present form. Timely comments will be substantively considered and your assistance is appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in MCR 1.201. Comments on the proposals may be sent to the Supreme Court Clerk within 60 days after they are published in the *Michigan Bar Journal*. When submitting a comment, please refer to our file number 98-17.

PROPOSED AMENDMENTS OF MCR 7.201, 7.202, 7.203, 7.210, 7.212, 7.215, 7.217, and 8.105. On order of the Court, this is to advise that the Court is considering proposed amendments to Michigan Court Rules 7.201, 7.202, 7.203, 7.210, 7.212, 7.215, 7.217, and 8.105. Before determining whether the proposals should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposals. We welcome the views of all who wish to address the proposals or who wish to suggest alternatives.

[The present language would be amended as indicated below:]

RULE 7.201. ORGANIZATION AND OPERATION OF COURT OF APPEALS.

(A) [Unchanged.]

(B) Court of Appeals Clerk; Place of Filing Papers; Fees.

(1)-(2) [Unchanged.]

(3) If a case is accepted for filing without all of the required documents, transcripts, or fees, the appellant, or the plaintiff in an original action under MCR 7.206, must supply the missing items within 21 days after the date of the clerk's notice of deficiency. The chief judge <u>or another designated judge</u> may dismiss the appeal and assess costs if the deficiency is not remedied within that time.

(C)-(H) [Unchanged.]

RULE 7.202. DEFINITIONS.

For purposes of this subchapter:

(1)-(5) [Unchanged.]

~~(6) "signed" means the original signature (facsimile signature is not permitted) of the attorney for a party or the signature of a party proceeding on the party's own behalf;~~

(6)-(7) [Formerly (7)-(8), redesignated, but otherwise unchanged.]

RULE 7.203. JURISDICTION OF THE COURT OF APPEALS.

(A)-(E) [Unchanged.]

<u>(F) Dismissal.</u>

(1) The chief judge or another designated judge may, acting alone, dismiss an appeal or original proceeding for lack of jurisdiction.

(2) The appellant or plaintiff may file a motion for reconsideration within 21 days after the date of the order of dismissal. The motion shall be submitted to a panel of 3 judges. No entry fee is required for a motion filed under this subrule.

(3) The clerk will not accept for filing a motion for rehearing of an order issued by a 3-judge panel that denies a motion for reconsideration filed under subrule (2).

RULE 7.210. RECORD ON APPEAL.

(A)-(G) [Unchanged.]

(H) Transmission of Record. Within 21 days after the briefs have been filed or the time for filing the appellee's brief has expired, or when the court requests, the trial court or tribunal clerk shall send to the Court of Appeals the record on appeal in the case pending on appeal, except for those things omitted by written stipulation of the parties. Weapons, drugs, or money are not to be sent unless the Court of Appeals requests. The trial court or tribunal clerk shall append a certificate identifying the name of the case and the papers with reasonable definiteness and shall include as part of the record :

(1) a chronological list of docket entries in the case ;—, which shall include identification of:

(a) the date of "entry" of all orders, judgments, pleadings or other documents into the file and records of the trial court or tribunal [see MCR 7.202(2)];

(b) the title of all pleadings and documents filed with the court or tribunal, including a designation of which party or person filed the same;

(c) precise description of all opinions, findings, orders, and judgments of the court or tribunal, including the name of the presiding judge, the result and prevailing party,

(d) precise description of all courtroom hearings held on the record, including the name of the presiding judge, the result and prevailing party, and the name and number of the responsible court reporter/recorder or transcript typist;

(e) precise description of all courtroom hearings that were scheduled but not heard, with the notation, "No record made";

(2) all opinions, findings, and orders of the court or tribunal; and

(3) the order or judgment appealed from.

Transcripts and all other documents which are part of the record on appeal must be attached in one or more file folders or other suitable hard-surfaced binders showing the name of the trial court or tribunal, the title of the case, and the file number.

(I)-(J) [Unchanged.]

RULE 7.212. BRIEFS.

(A)-(B) [Unchanged.]

(C) Appellant's Brief; Contents. The appellant's brief must contain, in the following order:

(1)-(5) [Unchanged.]

(6) A statement of facts that must be a clear, concise, and chronological narrative. All material facts, both favorable and unfavorable, must be fairly stated without argument or bias. The statement must contain, with specific page references to the ~~record~~ transcript, the pleadings, or other document or paper filed with the trial court,

(a) the nature of the action;

(b) the character of pleadings and proceedings;

(c) the substance of proof in sufficient detail to make it intelligible, indicating the facts that are in controversy and those that are not;

(d) the dates of important instruments and events;

(e) the rulings and orders of the trial court;

(f) the verdict and judgment; and

(g) any other matters necessary to an understanding of the controversy and the questions involved;

(7) The arguments, each portion of which must be prefaced by the principal point stated in capital letters or boldface type. As to each issue, the argument must include a statement of the applicable standard or standards of review and supporting authorities. Facts stated must be supported by specific page references to the ~~record~~ transcript, the pleadings, or other document or paper filed with the trial court. Page references to the ~~record must also be given to show whether the issue was preserved for appeal by appropriate objection or by other means~~ transcript, the pleadings, or other document or paper filed with the trial court must also be given to show whether the issue was preserved for appeal by appropriate objection or by other means. If determination of the issues presented requires the study of a constitution, statute, ordinance, administrative rule, court rule, rule of evidence, judgment, order, written instrument, or document, or relevant part thereof, this material must be reproduced in the brief or in an addendum to the brief. If an argument is presented concerning the sentence imposed in a criminal case, the appellant's attorney must send a copy of the presentence report to the court at the time the brief is filed;

(8)-(9) [Unchanged.]

(D) Appellee's Brief; Contents.

(1)-(2) [Unchanged.]

(3) Unless under the headings "Statement of Questions Involved" and "Statement of Facts" the appellee accepts the appellant's statements, the appellee shall include:

(a) a counter-statement of questions involved, stating the appellee's version of the questions involved; and

(b) a counter-statement of facts, pointing out the inaccuracies and deficiencies in the appellant's statement of facts without repeating that statement and with specific page references to the ~~record~~ transcript, the pleadings, or other document or paper filed with the trial court, to support the appellee's assertions.

(E)-(I) [Unchanged.]

RULE 7.215. OPINIONS, ORDERS, JUDGMENTS, AND FINAL PROCESS FROM COURT OF APPEALS.

(A)-(G) [Unchanged.]

(H) Resolution of Conflicts in Court of Appeals Decisions.

(1)-(2) [Unchanged.]

(3) Convening of Special Panel.

(a) Poll of Judges. Except as provided in subrule (3)(b), ~~W~~within ~~14~~ 28 days after release of the opinion indicating disagreement with a prior decision as provided in subrule (2), the chief judge must poll the judges of the Court of Appeals to determine whether the particular question is both outcome determinative and warrants convening a special panel ~~should be convened~~ to rehear the case for the purpose of resolving the conflict that would have been created but for the provisions of subrule (1). Special panels may be convened to consider outcome-determinative questions only.

(b) Effect of Pending Supreme Court Appeal. No poll shall be conducted and a special panel shall not be convened if, at the time the judges are required to be polled, the Supreme Court has granted leave to appeal in the controlling case.

(c) [Formerly (b), redesignated but otherwise unchanged.]

(4) [Unchanged.]

(5) Consideration of Case by Panel. An order directing the convening of a special panel must vacate only that portion of the prior opinion in the case at bar ~~:~~ addressing the particular question that would have been decided differently but for the provisions of subrule (1). The special panel shall limit its review to resolving the conflict that would have been created but for the provisions of subrule (1) and applying its decision to the case at bar. The parties are permitted to file supplemental briefs, and are entitled to oral argument before the special panel unless the panel unanimously agrees to dispense with oral argument. The special panel shall return to the original panel for further consideration any remaining, unresolved issues, as the case may require.

(6) [Unchanged.]

(7) Rehearing; Appeal. There is no appeal from the decision of the Court of Appeals as to whether to convene a special panel. As to the decision in the case at bar, the time limits for moving for rehearing or for filing an application for leave to appeal to the Supreme Court run from the date of the order declining to convene a special panel or, if a special panel is convened, from the date of the decision of the special panel, except that, if the case is returned to the original panel for further consideration in accordance with subrule (5), the time limits shall run from the date of the original panel's decision, after return from the special panel.

RULE 7.217. INVOLUNTARY DISMISSAL OF CASES.

(A) Dismissal. If the appellant, or the plaintiff in an original action under MCR 7.206, fails to order a transcript, file a brief, or comply with court rules, the clerk will notify the parties that the appeal may be dis-

missed for want of prosecution unless the deficiency is remedied within 21 days after the date of the clerk's notice of deficiency. If the deficiency is not remedied within that time, the chief judge or another designated judge may dismiss the appeal for want of prosecution.

(B) [Unchanged.]

(C) Other Action. In all instances of failure to prosecute an appeal to hearing as required, the ~~court~~ chief judge or another designated judge may take such other action as ~~it deems~~ is deemed appropriate.

(D) [Unchanged.]

RULE 8.105. GENERAL DUTIES OF CLERKS.

(A) [Unchanged.]

(B) Filing of Papers. The clerk shall endorse on every paper the date on which it is filed. The clerk shall keep a file folder for each action, bearing the civil action number assigned to it, in which the clerk shall keep all pleadings, process, orders, and judgments filed in the action. The clerk may not permit any record or paper on file in the clerk's office to be taken from it without the order of the court, except as permitted by MCR 7.210(E), (F), and (H) .

(C)-(H) [Unchanged.]

KELLY, J. I would not publish proposed MCR 7.203(F) for comment.

*Staff Comment*: This group of proposed amendments deal with various matters regarding appellate procedure. The following rules would be affected:

MCR 7.201(B), 7.217(A) and (C)—Permit the Chief Judge, or another designated judge, acting alone, to enter certain orders when a party does not proceed in accordance with the rules.

MCR 7.202(6)—Delete the definition of "signed" from the rule.

New MCR 7.203(F)—Permit the chief judge, or another designated judge, acting alone, to dismiss an appeal or original proceeding for lack of jurisdiction, and create a procedure for the appellant or plaintiff to seek reconsideration of that decision.

MCR 7.210(H)(1)—Specify the form and content of the lower court docket entries that must be supplied with the record on appeal.

MCR 7.212(C) and (D)—Clarify the requirement of specific page references to the record in appellate briefs.

MCR 7.215(H)—Modify several provisions in the rule governing resolution of conflicts in Court of Appeals decisions.

MCR 8.105(B)—Make clear that trial court clerks may permit records to be removed from the clerk's office for certain purposes relating to appeals, despite the general prohibition on removal of files.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

> Publication of these proposals does not mean that the Court will issue an order on the subject, nor does it imply probable adoption in its present form. Timely comments will be substantively considered and your assistance is appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in MCR 1.201. Comments on the proposals may be sent to the Supreme Court Clerk within 60 days after they are published in the *Michigan Bar Journal*. When submitting a comment, please refer to our file numbers 98-21, 98-33, and 98-39.

PROPOSED AMENDMENT OF MCR 7.302. On order of the Court, this is to advise that the Court is considering an amendment of Rule 7.302 of the Michigan Court Rules. Before determining whether the proposal should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposal. We welcome the views of all who wish to address the proposal or who wish to suggest alternatives.

As whenever this Court publishes an administrative proposal for comment, we emphasize that publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption of the proposal in its present form.

[The present language would be amended as indicated below:]

RULE 7.302. APPLICATION FOR LEAVE TO APPEAL.

(A) What to File. To apply for leave to appeal, a party must file:

(1)-(2) [Unchanged.]

(3) Proof that a copy of the application was served on all other parties, and that a notice of the filing of the application was served on the clerks of the Court of Appeals clerk, and the trial court clerk; and

(4) [Unchanged.]

(B)-(G) [Unchanged.]

*Staff Comment*: The proposed amendment of MCR 7.302(A)(3) would eliminate the need to file with the Court of Appeals and the trial court a copy of an application for leave to appeal that is filed with the Supreme Court. Instead, an appellant would need to file with the Court of Appeals and the trial court only a notice that an application for leave to appeal had been filed with the Supreme Court.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

> Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption in its present form. Timely comments will be substantively considered and your assistance is appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in MCR 1.201. Comments on this proposal may be sent to the Supreme Court Clerk within 60 days after it is published in the *Michigan Bar Journal*. When filing a comment, please refer to our file number 98-35.

*Rehearing Granted October 28, 1998:.*